## CHAMPION *v.* CHAMPION.

*(Knoxville,* September Term, 1943.)

Opinion filed October 16, 1943.

THOS. S. MYERS, of Chattanooga, for appellant Mrs. Zelma F. Sherrill, Circuit Court Clerk.

JOE V. WILLIAMS, T. POPE SHEPHERD, and SAM H. FORD, all of Chattanooga, for appellee Emma G. Champion.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

In an action for divorce Emma G. Champion was awarded a decree for alimony in the sum of $30,000 for the support of herself and her children, payable $3,000 upon the entry of the decree and the balance in installments of $500 a month.

The $3,000 cash payment was paid into the Circuit Court Clerk's office and the Clerk, Mrs. Zelma F. Sherrill, in paying over this money to Mrs. Champion, deducted therefrom 5 per cent, as a commission or allowance, due the Clerk by virtue of Chapter 112 of the Public Acts of 1939, which provides as follows:

"Hereafter, each clerk of a Court of Record in this State receiving, handling and disbursing alimony and similar monies under and by order of Court be and he is hereby entitled to charge and receive the sum of five per cent of said monies for his services, in so receiving, handling and disbursing same."

Mrs. Champion thereupon filed a petition praying for a retaxation of the costs and a disallowance by the Court of this item. The trial Judge sustained the petition and held that the Legislative Act above quoted did not apply to this decree. From this action of the trial Judge, the Clerk, Mrs. Sherrill, has appealed.

We find no error in the action of the trial Judge. We think the question presented may be decided upon an analysis of the Act and the pertinent decree. It will be observed that the Act makes special provision for cases of the particular class mentioned, as distinguished from those in which funds come into the lands of the Clerk in satisfaction of judgments and decrees ordinarily, our

Code making no provision generally for the deduction of commissions by Clerks from such funds. Justification for this special classification and compensation may be conceived of as arising from a peculiar condition and unusual burden upon the Clerks in connection with the "receiving, handling and disbursing" of monies in divorce and child support cases. The Court takes judicial notice that many of the Clerks have to perform exceptional services in collecting and disbursing this class of funds under special decrees, many of which contain unusual provisions.

But this Act of the Legislature provides for this deduction of five per cent only in those cases in which the Clerks have performed this service of "receiving, handling and disbursing" monies "under and by order of Court." The decree in the instant case does not, we think, come within this classification. We quote from the decree:

"The said defendant Walter C. Champion shall pay to petitioner, Mrs. Emma G. Champion, the sum of Thirty Thousand ($30,000) Dollars, Three Thousand ($3,000) Dollars of which shall be paid in cash contemporaneously with the entry of this decree, and the balance shall be paid at the rate of Five Hundred ($500) Dollars per month, without interest, the first of such payments to be made February 1, 1943. . . . It is further ordered and adjudged that the defendant, Walter C. Champion, shall pay all the costs of this cause."

It will be observed that this decree provides that this sum of $3,000 "shall be paid in cash contemporaneously with the entry of this decree," etc. The decree contains no provision that this money shall be received, handled and disbursed by the Clerk "under and by order of

Court." There is no order of the Court regulating or directing the manner in which this particular fund shall be handled by the Clerk, such as is commonly to be found in judgments for alimony and child's support where the disbursements are ordered made through the Clerk. In the instant case the decree would have been *pro tanto* satisfied by the payment of $3,000 direct to Mrs. Champion, or her attorney. The payment by the defendant Champion of the money to the Clerk was not "under and by order of Court." The decree did not "order" it to be so paid, and we think that it passed through the hands of the Clerk free from any commission charge, exactly as is the practice and rule governing funds paid under judgments and decrees generally. In other words, our view of the matter is that this Act providing for a commission to the Clerk for his services in handling the classes of funds described has application only to that class of cases in which the Court has seen fit specifically to provide for the receiving, handling and disbursing of alimony and similar monies under and by an order of the Court giving directions touching the handling of the funds.

The judgment is affirmed.